UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHESAPEAKE APPALACHIA, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JAMES L. BROWN, <br><br> Defendant. | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Chesapeake Appalachia, L.L.C. ("Chesapeake" or "Plaintiff"), by and through its undersigned counsel, alleges for its complaint as follows, upon knowledge as to its own acts and upon information and belief as to all other matters:

## INTRODUCTION

1. This is an action for a declaratory judgment and injunctive relief against James L. Brown ("Brown" or "Defendant"). Brown has sought to commence "class arbitration" against Chesapeake (the "Arbitration"), asserting claims related to his oil and gas lease (the "Lease") with Chesapeake. Simultaneously, Brown initiated a putative class action against Chesapeake's parent corporation (Chesapeake Energy Corporation), a Chesapeake officer (Domenic J. Dell'Osso, Jr.), and Access Midstream Partners, L.P. in this Court

asserting substantially the same claims, seeking essentially the same relief for the same plaintiff.  *See Brown v. Access Midstream Partners, L.P.*, No. 3:14-cv-00591-MEM (M.D. Pa.).

2. Brown styled the Arbitration as a "class" arbitration in which he purports to assert claims on behalf of himself and a putative class of landowners who have entered into leases with Chesapeake that Brown alleges are similar to his Lease. A copy of Brown's Arbitration Demand is attached as Exhibit A.

3. In this action, Chesapeake requests the Court issue two declarations. *First*, Chesapeake asks this Court to declare that the Court, not arbitrator(s), is to decide whether class arbitration is available pursuant to the Lease. *Second*, Chesapeake asks this Court to declare that class arbitration is not available pursuant to the Lease.

4. With respect to the first requested declaration, questions of arbitrability—such as whether class arbitration is available—are for courts to decide absent clear and unmistakable evidence that the parties intended to submit the question to arbitration.

5. Following recent Supreme Court case law providing guidance on this question, several courts have decided this precise legal issue, and have repeatedly held that whether class arbitration is available is for a court, not arbitrator(s), to decide absent clear and unmistakable evidence that the parties intended to submit

the question to arbitration. *See Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 598-99 (6th Cir. 2013); *Huffman v. Hilltop Cos.*, --- F.3d ----, 2014 WL 1243795, at *6 (6th Cir. Mar. 27, 2014); *Chassen v. Fid. Nat'l Fin., Inc.*, No. 09-291 (PGS)(DEA), 2014 WL 202763, at *6 (D.N.J. Jan. 17, 2014) (Sheridan, J.).

6. The Lease attached to the Arbitration Demand does *not*—and *cannot*—provide clear and unmistakable evidence of intent to submit the question of class arbitrability to arbitration. Accordingly, the question must be decided by a court.

7. This is exactly what Judge Sheridan, of the U.S. District Court for the District of New Jersey, recently held based on a substantively-similar arbitration provision. *See Chassen*, 2014 WL 202763, at *6.

8. Similar to the plaintiff in *Reed Elsevier*, Chesapeake seeks a declaration that a court, not arbitrator(s), is to decide whether class arbitration is available pursuant to the Lease.

9. With respect to the second requested declaration, the arbitration provisions in the Lease, upon which Brown bases his Arbitration Demand, by its plain terms, does *not* authorize arbitration on a class basis. Accordingly, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), bars Brown from seeking to compel class arbitration, and the arbitrator(s) lack power to conduct such an arbitration.

10. Chesapeake thus asks this Court to declare that Brown is precluded, by law, from pursuing any claims in arbitration on behalf of any purported class.

11. Chesapeake seeks further necessary and proper relief pursuant to 28 U.S.C. § 2202 in the form of injunctive relief enjoining Brown from pursuing class claims in arbitration.

## PARTIES

12. Plaintiff Chesapeake Appalachia, L.L.C. is a limited liability company organized and existing under the laws of the State of Oklahoma. It is a wholly-owned subsidiary of Chesapeake Energy Corporation. For the purposes of this action, Chesapeake is a citizen of Oklahoma pursuant to 28 U.S.C. §1332(d)(10).

13. Defendant James L. Brown, upon information and belief, resides at 3002 Herrickville Rd., Wyalusing, PA 18853, is a citizen of the Commonwealth of Pennsylvania, and owns property, including gas interests, in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship of the parties. The amount in controversy, exclusive of costs and interests, exceeds $75,000.

15. This Court has personal jurisdiction over Brown because, *inter alia*, Brown is a resident of and owner of property, including gas interests, in the

4

Commonwealth of Pennsylvania, and Brown initiated an Arbitration related to his leased gas interests in the Commonwealth of Pennsylvania.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and transactions giving rise to the claims occurred in the Commonwealth of Pennsylvania and in this District.

## FACTS

### The Relationship Between Chesapeake And Defendant

17. In 2007, Brown entered into a Lease with Chesapeake in which Brown, as lessor, leased certain of his gas interests in Pennsylvania to Chesapeake, as lessee. Pursuant to this Lease, Chesapeake has the right to explore for and produce gas from Brown's property. This Lease consists of a Chesapeake lease as well as an individually-negotiated addendum.

18. Brown has received royalties from Chesapeake on gas produced by Chesapeake.

### Defendant's Arbitration Claims

19. On March 28, 2014, Brown filed an Arbitration Demand, asserting claims related to his Lease with Chesapeake and the calculation of royalties thereunder. A copy of this Arbitration Demand is attached hereto as Exhibit A.

20. In the Arbitration Demand, Brown alleges breach of contract, violation of the Racketeering Influenced and Corrupt Organization Act ("RICO"), and unjust enrichment. With respect to each claim, Brown alleges that Chesapeake

has deducted certain costs from Brown's royalty payment from Chesapeake in violation of the Lease. *See* Ex. A ¶ 1. Chesapeake denies the asserted claims.

21. In addition to the Arbitration Demand, Brown has filed a putative class action Complaint in federal court. *See Brown v. Access Midstream Partners, L.P.*, No. 3:14-cv-00591-MEM (M.D. Pa.), ECF No. 1 (the "Federal Complaint").

22. The breach of contract, RICO and unjust enrichment counts in the Arbitration Demand are substantively identical to the RICO and unjust enrichment counts in the Federal Complaint. The primary difference between the Federal Complaint and the Arbitration Demand is that the Federal Complaint names as defendants Chesapeake's parent corporation (Chesapeake Energy Corporation), a Chesapeake officer (Domenic J. Dell'Osso, Jr.), and Access Midstream Partners, L.P., whereas the Arbitration Demand names Chesapeake as the defendant.

23. By filing two nearly identical demands for relief, Brown improperly seeks two chances to litigate the same issues, both on a putative class basis.

24. In the Federal Complaint, Brown seeks to represent a putative class of "lessors having oil and gas leases in Pennsylvania with [Chesapeake]," from 2012 to the present, where Chesapeake "subtracted from the lessor's royalty payment gas gathering and transportation costs calculated based on the Gas Gathering Agreement entered into by [Chesapeake] and Access Midstream in or around December 2012." Federal Complaint ¶ 48.

6

25. Brown seeks to represent the same putative class in the Arbitration Demand: "lessors having oil and gas leases in Pennsylvania with [Chesapeake]," from 2012 to the present, where Chesapeake "subtracted from the lessor's royalty payment gas gathering and transportation costs calculated based on the Gas Gathering Agreement entered into by [Chesapeake] and Access Midstream in or around December 2012." Ex. A ¶ 14.

26. Brown seeks to have arbitrator(s) decide whether the parties agreed to arbitrate this dispute on a class basis. *See id.* ¶ 10.

## The Arbitration Provisions In The Lease

27. Brown bases his alleged right to bring a "class" arbitration on his Lease with Chesapeake. A copy of this Lease is attached to Exhibit B.

28. The Lease contains the following arbitration provision:

> ARBITRATION. In the event of a disagreement between Lessor and Lessee concerning this Lease, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

*See, e.g.*, Ex. B at 2.

29. This arbitration provision does not provide for or otherwise contemplate "class" arbitration; it contemplates only individual arbitration.

30. By its terms, and as a matter of law, the Lease does not authorize Brown to commence any "class" arbitration or to assert claims in arbitration on

7

behalf of any other landowner. Instead, the provision authorizes arbitration of disputes "between Lessor and Lessee." *Id*.

31. Chesapeake never agreed to submit the question of whether Brown may proceed with a "class" arbitration to arbitration. The Lease provides no clear and unmistakable evidence to the contrary.

32. The Lease, in fact, requires that a court, not arbitrator(s), decide whether class action arbitration is available because Chesapeake does not agree to submit such questions to arbitration, through the Lease or otherwise.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)**

33. Chesapeake repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

34. An actual and justiciable controversy exists between Chesapeake and Brown concerning the question of *who* decides whether "class" arbitration is available pursuant to the Lease—a court or arbitrator(s).

35. Chesapeake maintains that a court must decide questions of arbitrability, such as whether the original parties to the Lease agreed to arbitrate on a class basis.

36. Brown, on the other hand, seeks to have arbitrator(s) decide whether the parties agreed to arbitrate this dispute on a class basis. *See* Ex. A ¶ 10.

8

37. Chesapeake is entitled to a declaration that, as a matter of law, a court—not arbitrator(s)—must decide the class arbitrability question because Chesapeake did not agree, through the Lease or otherwise, to submit such questions to arbitration.

38. Chesapeake is also entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of injunctive relief barring Brown from further seeking to have arbitrator(s) decide the question of class arbitrability.

39. WHEREFORE, Chesapeake respectfully requests judgment as follows:

> (i) a declaration that a court, not arbitrator(s), must decide whether class action arbitration is available pursuant to the Lease; and
>
> (ii) an order enjoining Brown from continuing to submit this class arbitrability question to Arbitration; and
>
> (iii) an order awarding such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)**

40. Chesapeake repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

9

41. An actual and justiciable controversy exists between Chesapeake and Brown concerning the arbitrability of the putative class claims that Brown has brought in the Arbitration.

42. Chesapeake maintains that Brown's claims may not proceed on a "class arbitration" basis.

43. Brown, on the other hand, claims that he may proceed with his claims on a "class arbitration" basis. *See* Ex. A ¶ 10.

44. Chesapeake is entitled to a declaration that, as a matter of law, Brown is precluded from pursuing arbitration of any claims on behalf of any purported class in the Arbitration or in any other arbitration because Chesapeake did not agree to, and the Lease does not authorize, the arbitration of disputes on a "class" basis.

45. Chesapeake is also entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of an injunction barring Brown from continuing to pursue any class claims in the Arbitration or in any other arbitration because Chesapeake did not agree to, and the Lease does not authorize, the arbitration of disputes on a class basis.

46. WHEREFORE, Chesapeake respectfully requests judgment as follows:

(i) a declaration that Brown is precluded from pursuing against Chesapeake, in the Arbitration or in any other arbitration, any claims in arbitration on behalf of any purported class; and

(ii) an order enjoining Brown from continuing to pursue against Chesapeake, in the Arbitration or in any other arbitration, the arbitration of any claims on behalf of any purported class;

(iii) a stay of the arbitration pending further order from this Court; and

(iv) an order awarding such other and further relief as the Court deems just and proper.

Dated: April 29, 2014

Respectfully submitted,

*/s/ Daniel T. Brier*
Daniel T. Brier
Myers, Brier & Kelly LLP
425 Spruce Street, Suite 200
Scranton, PA 18501
Tel: (570) 342-6100
Fax: (570) 342-6147

Daniel T. Donovan (*pro hac vice*)
Ragan Naresh (*pro hac vice*)
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

*Attorneys for Chesapeake Appalachia, L.L.C.*