**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

**CHESAPEAKE APPALACHIA, LLC.,:**

| | | |
|---|---|---|
| **Plaintiff** | : | **CIVIL ACTION NO. 3:14-0833** |
| **v.** | : | **(MANNION, J.)** |
| **JAMES L. BROWN,** | : | |
| **Defendant** | : | |

## MEMORANDUM

On March 28, 2014, Mr. Brown, the defendant in this matter, commenced an arbitration before the American Arbitration Association, ("AAA"), as the result of a dispute with the plaintiff, Chesapeake Appalachia, LLC, ("Chesapeake"), arising from an oil and gas lease entered into by the parties. Shortly thereafter, on April 29, 2014, Chesapeake filed the instant action in which it seeks two declarations: first, that the court, not an arbitrator, must decide whether class arbitration is available pursuant to the parties' lease, (the "who decides" issue), and second, that Mr. Brown is precluded from pursuing the pending arbitration as a class arbitration, (the "clause construction" issue).

Pending in this action are Chesapeake's motion for summary judgment on Count I of the complaint, the "who decides" issue, (Doc. 10), and Mr. Brown's motion to dismiss the complaint, (Doc. 16). While the above motions were awaiting consideration, two previously filed and substantially similar cases were being decided in this district, Chesapeake Appalachia, LLC, v. Scout Petroleum, LLC, Civil Action No. 4:14-0620, decided on October 16,

2014, and Chesapeake Appalachia, LLC v. Burkett, Civil Action No. 3:13-3073, decided on October 17, 2014. In Scout, Judge Brann granted a motion for summary judgment substantively identical to that filed by Chesapeake in the instant action and denied a motion to dismiss the complaint filed by the defendant. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC, 2014 WL 5370683 (M.D. Pa. Oct. 16, 2014). In doing so, Judge Brann found that the lease language at issue did not present 'clear and unmistakable' evidence that the parties intended for an arbitrator, and not the court, to decide the issue of arbitrability. In Burkett, the undersigned entered an opinion on a motion for summary judgment filed by Chesapeake which raised the same legal questions presented in Scout, but reached the opposite conclusion as Scout. Burkett, 2014 WL 5312829 (M.D. Pa. Oct. 17, 2014). Subsequently, Scout was certified for appeal pursuant to 28 U.S.C. §1292(b). The Third Circuit granted Scout's petition for permission to appeal pursuant to §1292(b) on January 21, 2015. In light of the fact that the Third Circuit's decision would impact the motions pending in the instant action, the court entered a stay in this case pending the Third Circuit's decision in Scout. (Doc. 35).

On January 5, 2016, the Third Circuit issued its decision in Chesapeake Appalachia, LLC v. Scout Petroleum, LLC, ___ F.3d ___, 2016 WL 53806 (3d Cir. 2016), in which it resolved the issue of "who decides" class arbitrability. The Third Circuit held that courts, not arbitrators, decide questions of class arbitrability absent clear and unmistakable evidence otherwise, and that the arbitration provisions at issue, which are identical to those in above-captioned

matter, did not constitute clear and unmistakable evidence otherwise. Scout, 2016 WL 53806, at *10. In light of the Third Circuit's decision, the stay previously entered in this action has been lifted.

In the motion for summary judgment now pending before this court, Chesapeake seeks a judgment declaring that the court, not an arbitrator, must decide whether class action arbitration is available pursuant to the leases at issue. In light of the precedential holding of the Third Circuit in Scout, Chesapeake's motion for summary judgment on this issue will be granted.

Further, in his motion to dismiss the instant action, Mr. Brown argues that: (1) the arbitrator should rule on whether the lease clauses at issue permit class arbitration and (2) Chesapeake's claim is not yet ripe because, under the AAA rules, it is only after the arbitrator renders a decision about whether or not the arbitration clause permits class arbitration that a court can accept jurisdiction for the limited purpose of reviewing the arbitrator's decision. Again, bound by the Third Circuit's holding in Scout, the court must deny Mr. Brown's motion to dismiss the instant action.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  March 2, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0833-01.wpd